

1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, Sixth Floor
5 | San Francisco, California 94102-5408
Telephone:    (415) 554-3863
6 | Facsimile:    (415) 554-3837
E-Mail:       sean.connolly@sfgov.org
7 |
8 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
9 | RYAN JONES, ARNALDO ALEMAN, MIKE MORAN,
ERIC TAPANG, GABRIEL RIVERA, MICHAEL
10 | DUDEROFF, DEREK CHRISTIANSON
11 |
12 |

E-filing

JCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

13 | JESSICA OROZCO,

14 |              Plaintiff,

15 |        vs.

16 | CITY AND COUNTY OF SAN
FRANCISCO; RYAN JONES; ARNALDO
17 | ALEMAN; MIKE MORAN; ERIC
TAPANG; GABRIEL RIVERA; MICHAEL
18 | DUDEROFF; DEREK CHRISTIANSON;
and DOES 1 to 50, inclusive,
19 |
20 |              Defendants.

Case No. 12    1900

(State Superior Court Case
No. CGC-12-519124)

**NOTICE TO FEDERAL DISTRICT
COURT OF REMOVAL OF ACTION
FROM STATE SUPERIOR COURT**
**(Pursuant to 28 U.S.C. § 1441(b)
(Federal Question))**

21 |

22 | **TO:   CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND TO**

23 | **PLAINTIFF'S ATTORNEYS OF RECORD:**

24 |        NOTICE IS HEREBY GIVEN that the City and County of San Francisco, Ryan Jones;

25 | Arnaldo Aleman; Mike Moran; Eric Tapang; Gabriel Rivera; Michael Duderoff; Derek Christianson

26 | ("defendants"), named as defendants in the above-captioned action, No. 519124, in the files and

27 | records of the Superior Court in and for the City and County of San Francisco, hereby files in the

28 | United States District Court for the Northern District of California a Notice of Removal of said

1

CCSF Answer Case No 519124.                                           n:\lit\li2012\120831\00767973.doc

1    action to the said United States District Court, pursuant to 28 U.S.C. §§1441 and 1446, and are

2    filing in said Superior Court a Notice of Removal.

3         Defendants, pursuant to 28 U.S.C. §§1441 and 1446, presents the following facts to the

4    Judges of the United States District Court for the Northern District of California:

5         A civil action bearing the above-caption was commenced in the Superior Court of

6    California, in and for the City and County of San Francisco, Action No. CGC-12-519124, on March

7    13, 2012, and is pending therein.  The summons and complaint was served on the City on March 19,

8    2012.

9         The Complaint in said pending action includes allegations brought under 42 U.S.C. § 1983

10    that the named Defendants violated the civil rights of Plaintiff.

11         This action may properly be removed to this Court pursuant to 28 U.S.C. §1441, for the

12    reason that Plaintiff's complaint alleges a violation of laws of the United States.

13         To the extent that Plaintiff's complaint alleges a claim or cause of action other than

14    violations of rights under the laws of the United States, said cause(s) of action may be removed and

15    adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

16         Pursuant to 28 U.S.C. §1446(b), a copy of the following documents are attached:

17         1.    The Summons and Complaint are hereto attached as Exhibit A.

18         2.    Defendants' Answer to Complaint and Jury Trial Demand is hereto attached as

19    Exhibit B.

20         All other process, pleadings and other orders served upon Defendants in this action will be

21    forwarded forthwith when they are retrieved from the Superior Court docket.

22         Venue in this district is proper under 28 U.S.C. § 1441 because this District includes the

23    California Superior Court for San Francisco County, the forum in which the removed action was

24    pending.

25         Defendants will promptly file a Notice of this Removal with the Clerk of the Superior Court

26    for San Francisco County and serve the Notice on all parties.

27         ////

28         ////

CCSF Answer Case No 519124.                                           n:\lit\li2012\120831\00767973.doc

1      WHEREFORE, Defendants pray that the above action now pending in the Superior Court of

2  the State of California in and for the City and County of San Francisco be removed in its entirety to

3  this Court for all further proceedings, pursuant to 28 U.S.C. §1441, *et. seq.*

4

5  Dated:  April 17, 2012

6                        DENNIS J. HERRERA

                            City Attorney

7                        JOANNE HOEPER

                            Chief Trial Deputy

8                        SEAN F. CONNOLLY

                            Deputy City Attorney

9

10

11              By:_____

                        SEAN F. CONNOLLY

12

                        Attorneys for Defendants

13                        CITY AND COUNTY OF SAN FRANCISCO, ET

                        AL.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CCSF Answer Case No 519124.                                n:\lit\li2012\120831\00767973.doc

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

City and County of San Francisco, Ryan Jones, Arnaldo Aleman, Mike Moran, Eric Tapang, Gabriel Rivera, Michael Duderoff, and Does

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JESSICA OROZCO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): San Francisco Superior Court | (Número del Caso): CGC - 1 2 - 5 1 9 1 2 4 |

400 McAllister Street, San Francisco, California  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Edward C. Casey Jr. (CSB # 123702), 492 9th Street, Suite 260, Oakland, CA  94607   510.251.2300

| DATE: | CLERK OF THE COURT | | |
|---|---|---|---|
| (Fecha) **MAR 1 3 2012** | Clerk, by (Secretario) **ELIAS BUTA** | | Deputy (Adjunto) |

RECEIVED MAYOR'S OFFICE  MAR 19 PM 2:26

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   EDWARD C. CASEY, JR., ESQ.   CSB: 123702
     Law Offices of Edward C. Casey, Jr.
2   492 9TH Street, Suite 260
3   Oakland, California 94607
     Telephone: 510.251.2300
4   Facsimile: 510.251.2305

5   Attorneys for Plaintiff
6   JESSICA OROZCO

7

8          IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9

10      IN AND FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

11

| | |
|---|---|
| JESSICA OROZCO, | Case No. **CGC-12-519124** |
|            Plaintiff, | **COMPLAINT FOR DAMAGES** |
|     v. | |
| CITY AND COUNTY OF SAN FRANCISCO, RYAN JONES, ARNALDO ALEMAN, MIKE MORAN, ERIC TAPANG, GABRIEL RIVERA, MICHAEL DUDEROFF, DEREK CHRISTIANSON, and DOES 1 to 50, inclusive, | 1. Violation of 42 U.S.C. §1983<br>2. Assault and Battery<br>3. Negligence<br>4. Intentional Infliction of Emotional Distress<br>5. False Arrest/Imprisonment |
|            Defendants. | |
| | **JURY TRIAL DEMANDED** |

Comes now, plaintiff, JESSICA OROZCO, and for causes of action against defendants, and each of them, alleges as follows:

1

**Complaint for Damages**

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 MAR 13 AM 1: 19

CLERK OF THE COURT
BY: _____ ELIAS SUIT
DEPUTY CLERK

1. At all times mentioned herein, the plaintiff JESSICA OROZCO (hereinafter "OROZCO") is and, at all times mentioned herein, was a citizen of the United States and a resident of Yountville, Napa County, California.

2. At all times mentioned herein Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") is governmental entity existing under the laws of the State of California.

3. At all times mentioned herein, defendant RYAN JONES (hereinafter "JONES") was a police officer employed by CCSF. JONES is sued herein individually and in his capacity as a police officer, detective, and/or employee of defendant CCSF. In engaging in the conduct described herein, JONES acted under color of law and in the course and scope of his employment by defendant CCSF. In engaging in the conduct described herein, JONES exceeded the authority vested in him as a police officers under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as an employee of CCSF.

4. At all times mentioned herein, defendant ARNALDO ALEMAN (hereinafter "ALEMAN") was a police officer employed by CCSF. ALEMAN is sued herein individually and in his capacity as a police officer, detective, and/or employee of defendant CCSF. In engaging in the conduct described herein, ALEMAN acted under color of law and in the course and scope of his employment by defendant CCSF. In engaging in the conduct described herein, ALEMAN exceeded the authority vested in him as a police officers under

2

Complaint for Damages

1  the United States Constitution, the Constitution of the State of California, the laws of the State

2  of California, and as an employee of CCSF.

3      5. At all times mentioned herein, defendant MIKE MORAN (hereinafter "MORAN")

4  was a police officer employed by CCSF. MORAN is sued herein individually and in his

5

6  capacity as a police officer, detective, and/or employee of defendant CCSF. In engaging in the

7  conduct described herein, MORAN acted under color of law and in the course and scope of

8  his employment by defendant CCSF. In engaging in the conduct described herein, MORAN

9  exceeded the authority vested in him as a police officers under the United States Constitution,

10  the Constitution of the State of California, the laws of the State of California, and as an

11  employee of CCSF.

12

13      6. At all times mentioned herein, defendant ERIC TAPANG (hereinafter "TAPANG")

14  was a police officer employed by CCSF. TAPANG is sued herein individually and in his

15  capacity as a police officer, detective, and/or employee of defendant CCSF. In engaging in the

16  conduct described herein, TAPANG acted under color of law and in the course and scope of

17

18  his employment by defendant CCSF. In engaging in the conduct described herein, TAPANG

19  exceeded the authority vested in him as a police officers under the United States Constitution,

20  the Constitution of the State of California, the laws of the State of California, and as an

21  employee of CCSF.

22      7. At all times mentioned herein, defendant GABRIEL RIVERA (hereinafter

23  "RIVERA") was a police officer employed by CCSF. RIVERA is sued herein individually

24

25  and in his capacity as a police officer, detective, and/or employee of defendant CCSF. In

26

27                                  3

1    engaging in the conduct described herein, RIVERA acted under color of law and in the course

2    and scope of his employment by defendant CCSF. In engaging in the conduct described

3    herein, RIVERA exceeded the authority vested in him as a police officers under the United

4    States Constitution, the Constitution of the State of California, the laws of the State of

5    California, and as an employee of CCSF.

6

7    8. At all times mentioned herein, defendant MICHAEL DUDEROFF (hereinafter

8    "DUDEROFF") was a police officer employed by CCSF. DUDEROFF is sued herein

9    individually and in his capacity as a police officer, detective, and/or employee of defendant

10   CCSF. In engaging in the conduct described herein, DUDEROFF acted under color of law

11   and in the course and scope of his employment by defendant CCSF. In engaging in the

12   conduct described herein, DUDEROFF exceeded the authority vested in him as a police

13   officers under the United States Constitution, the Constitution of the State of California, the

14   laws of the State of California, and as an employee of CCSF.

15

16   9. At all times mentioned herein, defendant DEREK CHRISTIANSON (hereinafter

17   "CHRISTIANSON") was a police officer employed by CCSF. CHRISTIANSON is sued

18   herein individually and in his capacity as a police officer, detective, and/or employee of

19   defendant CCSF. In engaging in the conduct described herein, CHRISTIANSON acted under

20   color of law and in the course and scope of his employment by defendant CCSF. In engaging

21   in the conduct described herein, CHRISTIANSON exceeded the authority vested in him as a

22   police officers under the United States Constitution, the Constitution of the State of

23   California, the laws of the State of California, and as an employee of CCSF.

24

25

26

27

4

Complaint for Damages

10. OROZCO is ignorant of the true names and capacities of defendants DOES 1 to 50, inclusive, and therefore sues these defendants by such fictitious names. OROZCO is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by the OROZCO as set forth herein. OROZCO will amend her complaint to state the true names and capacities of defendant DOES 1 to 30, inclusive, when each such name has been ascertained. At all times herein DOES 1 to 30 are believed have been and are employed as a police officers for defendant CCSF. Said defendant officers are sued herein individually and in their capacities as a police officer and/or employees of the defendant CCSF. In engaging in the conduct described herein, said defendant officers acted under color of law and in the course and scope of their employment with defendant CCSF. In engaging in the conduct described herein, said defendant officers exceeded the authority vested in them as a police officers under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as employees of CCSF.

11. OROZCO is ignorant of the true names and capacities of defendants DOES 31 to 50, inclusive, and therefore sues these defendants by such fictitious names. OROZCO is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by the OROZCO as set forth herein. OROZCO will amend her complaint to state the true names and capacities of defendant DOES 31 to 50, inclusive, when each such name has been ascertained.

5

1       12. At all times mentioned herein, OROZCO is informed and believes and thereon

2 alleges that each and every defendant was the agent, employee, and/or servant of every other

3 defendant, and performed the acts complained of herein in the course and scope of such

4
5 agency, servitude, and/or employment, and was acting with the consent, ratification,

6 permission, knowledge, and authorization of each of the remaining defendants. All of the acts

7 and/or conduct of each defendant alleged in the causes of action into which this paragraph is

8 incorporated by reference were consented to, ratified, approved, and/or authorized by the

9 defendants, and each of them.

10
11       13. In accordance with the appropriate regulations, codes, and statutes, including but

12 not limited to the Government Code, OROZCO has complied with all administrative and/or

13 governmental claims requirements under California law prior to the filing of this action.

14 **FACTUAL ALLEGATIONS**

15       14. OROZCO incorporates by reference as if fully set forth and alleged herein, para-

16 graphs 1 through 13 of this complaint into the factual allegations.

17
18       15. In the early morning hours of September 17, 2011, OROZCO and several friends

19 were standing on the sidewalk near 498 Broadway, San Francisco. The group was waiting for

20 a limousine that was to take them home to Napa County.

21       16. Suddenly, several CCSF police officers appeared in the street in front of them.

22 Those CCSF officers are believed to include JONES, ALEMAN, MORAN, TAPANG, and

23 RIVERA.

24

25

26

27
6

17. The CCSF officers appeared to be chasing a suspect. The apparent suspect was running away from the CCSF officers and had his back to them. He was not threatening any person, including the CCSF officers, OROZCO, her friends, or members of the public with force or the threat of force of any kind, lethal non-lethal.

18. Neither OROZCO nor any of her companions had committed any crime and the subject CCSF police officers, including JONES, ALEMAN, MORAN, TAPANG, and RIVERA, had no reasonable suspicion or probable cause to believe that OROZCO had committed any crime.

19. Defendants, including but not limited to JONES, JONES, ALEMAN, MORAN, TAPANG, and RIVERA discharged firearms directly at OROZCO and her companions, striking OROZCO in the upper leg/pelvis. One of OROZCO's companions was also shot by defendants.

20. OROZCO was taken to San Francisco General Hospital for emergency surgery for her gunshot wound. Prior to being discharged from the hospital, OROZCO was approached by CHRISTENSON, who told her she could leave without giving a statement to the police.

21. At the time of her discharge fromt the hospital, OROZCO was severely traumatized and upset. CHRISTENSON escorted OROZCO to a CCSF police cruiser and drove her to the police station. As soon as they arrived at the police station, CHRISTENSON told OROZCO she needed to be driven back to San Francisco General Hospital to be interrogated before she could leave.

Complaint for Damages

1    22. At the hospital, DUDEROFF introduced himself to OROZCO and informed her

2  he was a police detective for CCSF. DUDEROFF reiterated that OROZCO could not leave

3  without being interrogated. By the statements and actions of CHRISTIANSON and

4  DUDEROFF, OROZCO reasonably believed that she was not free to go.

5

6    23. DUDEROFF then interrogated OROZCO and recorded the interrogation.

7    24. Prior to the interrogation, neither DUDEROFF nor CHRISTIANSON informed

8  plaintiff of her rights, including her right to speak with or have an attorney present during the

9  interrogation and/or her right to refuse to be interrogated at that time.

10
      25. After the interrogation was completed, DUDEROFF told OROZCO that she could
11
   expect to be contacted by other people, including lawyers, regarding the shooting incident. He
12
   told OROZCO that she was under no obligation to talk to anyone about what had happened to
13
14  her. It was only then that DUDEROFF also revealed that OROZCO had not even been

15  obligated to talk to him, to be interrogated, or to allow DUDEROFF to record the

16  interrogation.

17
      26. At all times during the events and circumstances outlined above, OROZCO was a
18
19  completely innocent bystander, has never been suspected of criminal conduct, was never

20  charged with any crime, and was never been issued any citation of any kind regarding the

21  subject incident(s).

22
                              **FIRST CAUSE OF ACTION**
23                           Violation of 42 U.S.C. Section 1983

24    27. OROZCO incorporates by reference as if fully set forth and alleged herein, para-

25  graphs 1 through 26 of this complaint into her First Cause of Action.

26
                                    8
27
      _____
                              Complaint for Damages

28. In doing the acts complained of herein, defendants, including but not limited to JONES, ALEMAN, MORAN, TAPANG, and RIVERA acted under color of law to deprive OROZCO of certain well established and clearly defined constitutional rights, including but no limited to:

a. The right to be free from unreasonable searches and seizures and/or excessive force, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

29. As a legal result of such conduct, OROZCO has suffered damages as set forth herein.

### SECOND CAUSE OF ACTION
Assault and Battery

30. OROZCO incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 29 of this complaint into the Second Cause of Action.

9

31.    By the conduct alleged herein, defendants, including but not limited to JONES, ALEMAN, MORAN, TAPANG, and RIVERA, and each of them, placed OROZCO in immediate and imminent fear of death and/or bodily harm and thereby committed assault on OROZCO.

32.    By the conduct alleged herein, defendants violently touched, battered, and/or handled OROZCO in a harmful and/or offensive manner.

33.    The defendants' conduct was without consent and/or legal justification and was malicious, oppressive, and/or conducted with reckless disregard for the rights and safety of others, including OROZCO.

34.    As a legal result of such conduct, OROZCO has suffered damages as set forth herein.

### THIRD CAUSE OF ACTION
Negligence

35.  OROZCO incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 34 of this complaint into the Fourth Cause of Action.

36.  The conduct of the defendants, and each of them, as outlined herein, constitutes negligence in the performance of their duties as police officers and/or as citizens of the State of California. Defendants had a duty to act and/or refrain from acting in a way which might reasonably tend to injure OROZCO. Defendants, and each of them, including but not limited to JONES, ALEMAN, MORAN, TAPANG, RIVERA, DUDEROFF, and CHRISTIANSON breached this duty.

10

1    37.    As a legal result of such conduct, OROZCO has suffered damages as set forth

2  herein.

3

### FOURTH CAUSE OF ACTION
4  Intentional Infliction of Emotional Distress

5    38. OROZCO incorporates by reference as if fully set forth and alleged herein, para-

6  graphs 1 through 37 of this complaint into her Fourth Cause of Action.

7
    39. The conduct of defendants, including but not limited to JONES, ALEMAN,
8

9  MORAN, TAPANG, RIVERA, DUDEROFF, and CHRISTIANSON, and each of them, as set

10  forth herein, was extreme and outrageous and beyond the scope of conduct which should be

11  tolerated by citizens of a democratic and civilized society.

12    40. Defendants' conducted themselves with the intention of causing OROZCO

13
  extreme emotional distress and/or with conscious disregard for the probability that OROZCO
14

15  would suffer severe emotional distress. Further, such conduct was malicious, oppressive,

16  and/or conducted with reckless disregard for the rights and safety of others, including

17  OROZCO.

18    41. As a legal result of such conduct, OROZCO has suffered extreme and severe

19  emotional distress and other damages as set forth herein.

20

### FIFTH CAUSE OF ACTION
21  False Arrest and/or Imprisonment

22    42. OROZCO incorporates by reference as if fully set forth and alleged herein, para-

23
  graphs 1 through 41 of this complaint into the Fifth Cause of Action.
24

25

26
                11
27

Complaint for Damages

1     43. By their conduct and actions specified herein, defendants including but not limited

2  to DUDEROFF and CHRISTIANSON, and each of them, falsely arrested and/or detained

3  OROZCO without probable cause such he was not free to go and was, in fact, wrongfully

4

5  physically confined. OROZCO had committed no crime and there was no basis upon which

6  defendants, including but not limited to DUDEROFF and CHRISTIANSON could have

7  reasonably believed OROZCO had committed any crimes which would justify her detention

8  and/or arrest.

9     44. Defendants, DUDEROFF and CHRISTIANSON, failed to observe proper police

10  procedures in detaining OROZCO without reasonable suspicion and/or probable cause and

11

12  exceeded the limits of their authority as police officers in falsely detaining, harassing,

13  interrogating, and/ or arresting OROZCO without probable cause and/or reasonable suspicion.

14  Defendants' conduct was malicious, oppressive, and/or conducted with reckless disregard for

15  the rights and safety of others, including OROZCO.

16     45. As a legal result of such conduct, OROZCO has suffered damages as set forth

17  herein.

18                             **PRAYER FOR RELIEF**

19     WHEREFORE, plaintiff prays for judgment against defendants, and each of them,

20  jointly and severally, as follows:

21

22     1. For general damages according to proof;

23     2. For special damages according to proof;

24     3. For punitive damages as to the individual defendants, according to proof, as to the

25  First, Second, Fourth and Fifth causes of action;

26

27                            12

4. For interest at the legal rate on all sums awarded as damages;

5. For attorney's fees incurred herein;

6. For case costs herein incurred;

7. For such other and further relief as the Court may deem proper.

Plaintiff demands a jury trial.

DATED: March 12, 2012              LAW OFFICES OF EDWARD C. CASEY JR.

By:
   EDWARD C. CASEY, JR.
   Attorneys for Plaintiff

13

Complaint for Damages

Exhibit B

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SEAN F. CONNOLLY, State Bar #152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863
6  Facsimile:    (415) 554-3837
   E-Mail:       sean.connolly@sfgov.org
7

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 13 2012

CLERK OF THE COURT
BY: _____ WESLEY RAMIREZ
                        Deputy Clerk

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
9  RYAN JONES, ARNALDO ALFMAN, MIKE MORAN,
   ERIC TAPANG, GABRIEL RIVERA, MICHAEL
10 DUDEROFF, DEREK CHRISTIANSON

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                       COUNTY OF SAN FRANCISCO

14                       UNLIMITED JURISDICTION

15  JESSICA OROZCO,                          Case No. CGC-12-519124

16              Plaintiff,                    **DEFENDANT CITY AND COUNTY OF
                                             SAN FRANCISCO, RYAN JONES,**
17        vs.                                 **ARNALDO ALEMAN, MIKE MORAN,
                                             ERIC TAPANG, GABRIEL RIVERA,**
18  CITY AND COUNTY OF SAN                    **MICHAEL DUDEROFF, AND DEREK
    FRANCISCO; RYAN JONES; ARNALDO            CHRISTIANSON'S GENERAL DENIAL**
19  ALFMAN; MIKE MORAN; ERIC                  **TO COMPLAINT AND JURY TRIAL**
    TAPANG; GABRIEL RIVERA; MICHAEL           **DEMAND**
20  DUDEROFF; DEREK CHRISTIANSON;
    and DOES 1 to 50, inclusive,

21              Defendants.

22

23

24        Defendant City and County of San Francisco (the "City" or "defendant"), a municipal

25  corporation, and the above captioned individual defendants, respond to plaintiff's unverified

26  complaint as follows:

27        Pursuant to section 431.30 of the California Code of Civil Procedure, the defendants deny

28  each and every allegation in the complaint.

                                        1

1

## SEPARATE AFFIRMATIVE DEFENSES

2

### FIRST AFFIRMATIVE DEFENSE

3

(Failure to State a Claim)

4

Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

5

### SECOND AFFIRMATIVE DEFENSE

6

(Assumption of Risk - Peril)

7     Defendants allege that plaintiff realized and appreciated the alleged danger which presented

8   itself at the time of the happening of the event set forth in the complaint herein; that plaintiff

9   voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by

10   plaintiffs was caused by said risks which were accepted and voluntarily assumed by plaintiff, when

11   engaging in said activity.

12

### THIRD AFFIRMATIVE DEFENSE

13

(Assumption of the Risk)

14     Defendants allege that plaintiff had full knowledge of the risks involved in the activity in

15   which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff

16   voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned

17   in said complaint; and that the loss or damage, if any, sustained by the her was caused by said risks

18   that were accepted and voluntarily assumed by her.

19

### FOURTH AFFIRMATIVE DEFENSE

20

(Statute of Limitations)

21     Defendants allege that the complaint and each and every cause of action therein is barred by

22   the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq*. and related

23   statutes.

24

### FIFTH AFFIRMATIVE DEFENSE

25

(Failure to Mitigate Damages)

26     Defendants allege that the Complaint and each and every cause of action therein is barred

27   because plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by them,

28   and said failure bars or reduces the recovery, if any from defendants.

2

CCSF Answer Case No 519124.                                                     n:\lit\li2012\120831\00767354.doc

1 **SIXTH AFFIRMATIVE DEFENSE**

2 (Defendants' Acts Not A Proximate Cause)

3 Defendants state that any act or omission on the part of the answering defendants, their

4 agents or employees, was not the proximate cause of plaintiffs' injury.

5 **SEVENTH AFFIRMATIVE DEFENSE**

6 (Denial of Damages)

7 Defendants deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all,

8 by reason of any act or omission of any defendants.

9 **EIGHTH AFFIRMATIVE DEFENSE**

10 (Immunity)

11 Defendants allege the provisions of the California Tort Claims Act of the California

12 Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County

13 of San Francisco and its employees.

14 **NINTH AFFIRMATIVE DEFENSE**

15 (Immunity)

16 Defendants claim the immunities under the applicable provisions of the Government Code,

17 including without limitation sections 820.8, 830-835.4.

18

19 **TENTH AFFIRMATIVE DEFENSE**

20 (Barred by Tort Claims Act and Failure to file Claim)

21 Defendants allege that to the extent the Complaint includes allegations within the scope of

22 the California Tort Claims Act, the complaint is barred by the following provisions of the California

23 Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6;

24 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4;

25 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850;

26 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

27

28

3

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

(Variance Between Tort Claim and Complaint)

3    Defendants allege that to the extent the Complaint includes allegations within the scope of

4  the California Tort Claims Act, plaintiff's purported causes of action are limited to those factual

5  allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and

6  that to the extent that the complaint attempts to enlarge or expand upon those allegations and

7  theories, the complaint fails to state a cause of action and is barred pursuant to Government Code

8  §§905, 910, 911.2, 945.5, 950.2 and related provisions.

9

## TWELFTH AFFIRMATIVE DEFENSE

10

(Good Faith)

11    Defendants allege that the employees, officials and agents of defendants were at all times

12  material hereto acting with both subjective and objective good faith, such that any claim for relief

13  that plaintiff may have is barred by law.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

(Estoppel)

16    By reason of plaintiff's own acts and omissions, including the acts and omissions of

17  plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set

18  forth in the Complaint.

19

## FOURTEENTH AFFIRMATIVE DEFENSE

20

(Frivolous Action)

21    Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby

22  entitling the defendants to sanctions and appropriate remedies (including without limitation

23  attorney's fees) against plaintiffs.

24

## FIFTEENTH AFFIRMATIVE DEFENSE

25

(Unclean Hands)

26    The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

27

28

4

CCSF Answer Case No 519124.                                    n:\lit\li2012\120831\00767354.doc

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

To the extent plaintiff's failure to file a claim bars this action, the complaint and each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Proper Conduct)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendants allege that at all times and places mentioned in the complaint, defendants acted without malice and with a good faith belief in the propriety of its conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Acting in Good Faith)

As a separate and affirmative defense to the complaint and to each and every allegation set forth therein, defendants allege that at all times mentioned in the complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Privilege)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendants allege that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Immunities)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendants asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2

(Public Liability Act)

3

Defendants allege the provisions of the Public Liability Act of the California Government

4

Code as the sole and exclusive measure of defendants' duties and liabilities in this action.

5

### TWENTY-SECOND AFFIRMATIVE DEFENSE

6

(Immunity: Exemplary Damages)

7

Defendants allege that San Francisco, a public entity, is immune from liability for exemplary

8

damages herein pursuant to Section 818 of the California Government Code.

9

### TWENTY-THIRD AFFIRMATIVE DEFENSE

10

(Plaintiff's Conduct Reckless and Wanton)

11

Defendants allege that at all times mentioned in plaintiffs' Complaint herein, Plaintiff acted

12

in a careless, reckless, wanton and negligent manner in and about the matters set forth in the

13

complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the

14

injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiff's

15

claim is barred.

16

### TWENTY FOURTH AFFIRMATIVE DEFENSE

17

(Discretionary Act Immunity)

18

Defendants allege that the act or omissions which plaintiffs claim give rise to liability in this

19

case were within the discretion of a San Francisco employee acting within the course and scope of

20

his employment and, as a result, plaintiffs' claim is barred by the discretionary act immunity

21

contained in Government Code section 820.2 and its related provisions.

22

23

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

24

(Privilege)

25

Defendants allege that if any force was used by defendants against the Plaintiff herein, said

26

use of force was the lawful exercise of the right of self-defense and defense of the public and

27

privileged by law, and any recovery pursuant to said use of force is barred.

28

6

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

(Justified Use of Force)

3      The Complaint and each cause of action therein is barred because the use of force against

4    the Plaintiff by and the employees of the City, if any, was privileged and justified.

5

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6

(Comparative Negligence)

7      Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in

8    and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed

9    to and was a proximate cause of Plaintiff and/or plaintiff's alleged injuries and damages, if any, or

10   was the sole cause thereof; and that if plaintiffs are entitled to recover damages against San

11   Francisco by virtue of the complaint, San Francisco prays that the recovery be diminished or

12   extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault

13   attributable to the Plaintiff.

14

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

15

(Arrest)

16     Defendants allege that if any force was used to effect the arrest of the Plaintiff herein by the

17   named defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of

18   the California Penal Code and as a proximate result thereof plaintiffs are barred from any recovery

19   herein for any alleged injury or damage if any there were.

20

## TWENTY-NINTH AFFIRMATIVE DEFENSE

21

(Resisting Arrest)

22     Defendants allege that plaintiff was under a duty pursuant to Section 834a of the California

23   Penal Code to refrain from using force or a weapon to resist his arrest; that plaintiff breached his

24   duty even though he knew or by the exercise of reasonable care should have known that he was

25   being arrested by a peace officer; that as a direct and proximate result of plaintiff's breach of this

26   duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

27

28

1

## THIRTIETH AFFIRMATIVE DEFENSE

2

(Assault on Police)

3      Defendants allege that at all times mentioned in plaintiff's complaint herein, a person

4  willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the

5  arresting officers; that it became and was necessary to use force upon the person to defend said

6  arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if

7  any, incurred were proximately caused by the necessary use of said reasonable force on the person

8  and not otherwise; and that by reason of said person's vicious and violent assault on the persons of

9  said arresting officers, that person's failure and refusal to desist from continuing said assault, and the

10  consequent necessity to use reasonable force to defend said arresting officers from said assault,

11  plaintiffs' claim, if any, is barred by law.

12

## THIRTY-FIRST AFFIRMATIVE DEFENSE

13

(Prevent Injury/Escape)

14      Defendants allege that no more force was used on a person than was necessary to effect

15  detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the

16  officers and the public and to facilitate and safeguard a valid police investigation.

17

## THIRTY-SECOND AFFIRMATIVE DEFENSE

18

(Qualified Immunity)

19      Defendants allege that this lawsuit is barred, in whole or in part, by the doctrine of qualified

20  immunity.

21

## THIRTY-THIRD AFFIRMATIVE DEFENSE

22

(Immunity for Failure to Provide Medical Care to a Prisoner)

23      Defendants allege that, under Government Code section 845.6, San Francisco is immune

24  from liability for any inadequate medical care plaintiff may have received while in custody.

25

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

26

(Immunity from Injury Caused by Person Resisting Arrest)

27      Defendants allege that, pursuant to Government Code section 845.8, San Francisco is

28  immune from liability as a matter of law for injury caused to plaintiff by a person resisting arrest.

8

1 | **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

2 | (Immunity: Exemplary Damages)

3 | Defendants allege that San Francisco, a public entity, is immune from liability for exemplary

4 | damages herein pursuant to Section 818 of the California Government Code.

5 | **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

6 | (Failure to State Relief Under 42 U.S.C. 1983)

7 | Defendants allege that the plaintiff has failed to allege facts in the Complaint sufficient to

8 | state a claim for relief under 42 U.S.C. 1983 against San Francisco, their agents, employees and

9 | particularly its police officers.

10 | **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

11 | (City and County of San Francisco Not a Proper Party)

12 | Defendants allege that plaintiff has failed to allege sufficient, specific facts against San

13 | Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

14 | **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

15 | (Mutual Combat)

16 | Defendants allege that plaintiff had full knowledge of the risks involved in the mutual

17 | combat activity in which he engaged and set forth in the complaint herein; that plaintiff voluntarily

18 | assumed all the risks incident to the activity engaged in at the time and place mentioned in said

19 | complaint, and that the loss or damage, if any, sustained by plaintiff was caused by said risks, which

20 | were accepted and voluntarily assumed by him when he engaged in said activity.

21 | **THIRTY-NINTH AFFIRMATIVE DEFENSE**

22 | (Self Defense)

23 | Defendants allege by way of a plea of self defense that defendants employees honestly and

24 | reasonably believed that a person was about to inflict harm upon them and that the use of force, if

25 | any, was done reasonably and in self-defense.

26

27

28

9

## FORTIETH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiff.

## ADDITIONAL AFFIRMATIVE DEFENSES

1.      Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants prays for judgment as follows:

1.      That Plaintiffs take nothing from Defendants;

2.      That the Complaint against Defendants be dismissed with prejudice;

3.      That Defendants recover their costs of suit herein, including attorneys' fees; and

4.      For such other relief as is just and proper.

## JURY TRIAL DEMAND

Defendants demand a trial by jury.

Dated: April 12, 2012

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SEAN F. CONNOLLY
Deputy City Attorney

By:_____
SEAN F. CONNOLLY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

10

## PROOF OF SERVICE

I, COLLEEN M. GARRETT, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On April 13, 2012, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, RYAN JONES, ARNALDO ALEMAN, MIKE MORAN, ERIC TAPANG, GABRIEL RIVERA, MICHAEL DUDEROFF, AND DEREK CHRISTIANSON'S GENERAL DENIAL TO COMPLAINT AND JURY TRIAL DEMAND**

on the following persons at the locations specified:

Edward C. Casey, Jr., Esq.
Law Offices of Edward C. Casey, Jr.
492 9th Street, Suite 260
Oakland, CA 94607
Telephone:     510-251-2300
Facsimile:     510-251-2305
*Attorney for Plaintiff*

in the manner indicated below:

☒     **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed April 13, 2012, at San Francisco, California.

COLLEEN M. GARRETT

11

CCSF Answer Case No 519124.                                          n:\lit\li2012\120831\00767354.doc

1

## PROOF OF SERVICE

2

3

I, ANITA MURDOCK, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the

4 above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza
Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

5

On April 17, 2012, I served the following document(s):

6

## NOTICE TO FEDERAL DISTRICT COURT OF REMOVAL OF ACTION FROM STATE

7 ## SUPERIOR COURT

8 on the following persons at the locations specified:

Edward C. Casey, Jr., Esq.
9 Law Offices of Edward C. Casey, Jr.
492 9th Street, Suite 260
10 Oakland, CA 94607
Telephone: 510-251-2300
11 Facsimile: 510-251-2305
*Attorney for Plaintiff*
12

in the manner indicated below:
13

14 ☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies
of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
15 with the United States Postal Service. I am readily familiar with the practices of the San Francisco City
Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s)
16 that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that
same day.

17 ☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed
18 envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional
messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will**
19 **be filed separately with the court.**

20 ☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true
and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons
21 and the fax numbers listed above. The fax transmission was reported as complete and without error. The
transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission**
22 **report** ☐ **is attached or** ☐ **will be filed separately with the court.**

23 I declare under penalty of perjury pursuant to the laws of the State of California that the
foregoing is true and correct.

24

Executed April 17, 2012, at San Francisco, California.

25

26 *Anita Murdock*
ANITA MURDOCK

27

28

4

CCSF Answer Case No 519124.                                                                     n:\lit\li2012\120831\00767973.doc